(45 Misc. Rep. 104)

### PEOPLE ex rel. ABRAMS v. VOORHIS et al.

(Supreme Court, Special Term, New York County. October, 1904.)

1. PRIMARY ELECTIONS—BALLOTS—PRESCRIBED PAPER.

The primary election law provides that the custodian of primary elections shall prescribe the paper for use of primaries, and that ballots not conforming to such provision of the section shall not be counted at official primary elections. The supply of paper prescribed for the primary election having become exhausted, some paper lighter in weight and color was used, and the ballots for the successful ticket were printed on such paper. *Held* no ground for setting aside the result of the election, where it was not affected by the use of different kinds of paper, and was conducted without fraud.

Application by the people, on the relation of Lewis A. Abrams, for a writ of mandamus to John R. Voorhis and others. Writ denied.

The petitioner, in his own behalf and in behalf of others named upon an official primary election ballot, applied for a writ of mandamus requiring the board of primary election inspectors in the First Primary Election District in the Thirty-First Assembly District to produce all ballots used at said election, and for a recount of said ballots, and to compel the board of elections of the city of New York to issue to the petitioner and to the other persons mentioned on said election ballot a certificate of election. The ballots having a majority were printed upon paper lighter in weight than were the ballots upon which the ticket of the petitioner was printed. The primary election law provides that the custodian of primary elections shall prescribe the sample paper for use at primaries, and that "ballots not conforming to the provisions of this section shall not be counted at any official primary election."

Samuel D. Lasky, for petitioner.
Charles W. Dayton, opposed.

LEVENTRITT, J. It is a fundamental principle of constitutional law that "one entitled to vote shall not be deprived of the privilege by the action of the authorities." Cooley, Const. Lim. (7th Ed.) 926. No charge of fraud is made in this case. It is not claimed that the irregularity has inhibited the expression of the elector's will, or that the voters whom it is now sought, in effect, to disfranchise, would have voted other than they did. The right to reject the ballots is rested on the fact that some of the paper was lighter in weight and color than that originally prescribed by the custodian of primary records. But it appears that all the paper of the prescribed quality had become exhausted, and that on application the custodian directed the use of the paper on which the ballots objected to were printed. The default was not the default of the voter or the candidates, or of any person acting in collusion with them. If any, it was on the part of the custodian. He is required to furnish to party committees or to electors the paper designated by him. His failure to provide an adequate supply should not in this case, reflecting the utmost good faith, be invoked against electors, where it is clear that the votes would not have been cast differently than they were in fact. People v. Cook, 8 N. Y. 67, 59 Am. Dec. 451. The apparently mandatory provision that ballots not conforming to specified provisions cannot be counted must be construed as directory merely, as far as the situation here disclosed is concerned.

Motion denied, with costs.